```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARCH SPECIALTY INSURANCE CO.,

                           Plaintiff,                REPORT AND
                                                     RECOMMENDATION
        -against-                                    19-cv-2396 (JS)(SIL)

ALL ISLAND BUILDING & RESTORATION
INC.,

                           Defendant.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation in this diversity breach of contract, unjust enrichment and account stated action is Plaintiff Arch Specialty Insurance Co.'s ("Plaintiff" or "Arch") Motion for Default Judgment. *See* Docket Entry ("DE") [9]. Plaintiff commenced this action against Defendant All Island Building & Restoration Inc. ("Defendant" or "All Island") by Complaint filed on April 24, 2019. *See* Complaint ("Compl."), DE [1]. After Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered default against it on June 5, 2019. *See* DE [7]. On December 18, 2019, Arch filed the instant motion, which Judge Seybert referred to this Court for a recommendation as to whether Plaintiff has demonstrated that the allegations in the Complaint establish All Island's liability such that the motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated April 2, 2020. For the reasons set forth herein, the Court respectfully

recommends that Arch's motion be granted in part and denied in part, and that Plaintiff be awarded damages and additional relief as described below.

## I. BACKGROUND

Arch is an insurance company organized under the laws of the State of Missouri, with its principal place of business in New Jersey. Compl. ¶ 1. All Island is a corporation organized under the laws of the State of New York, with its principal place of business in New York. *Id.* at ¶ 2. Plaintiff issued Commercial General Liability Policy No. AGL0034762-01 to Defendant for the March 7, 2017 to March 7, 2018 policy period (the "Arch Policy"). *Id.* at ¶ 6; Declaration of Sal Pellitteri in Support of Plaintiff's Motion for Default Judgment Against Defendant All Island Building & Restoration Inc. ("Pellitteri Decl."), DE [11], ¶ 5; Pellitteri Decl. Exhibit ("Ex.") A.

Pursuant to the Arch Policy, Arch agreed to provide insurance coverage to All Island for certain liabilities, in return for Defendant's payment of policy premiums. Compl. ¶ 7; Pellitteri Decl. ¶ 6; Pellitteri Decl. Ex. A. All Island agreed to pay an "advance premium" of $24,571.00, which was "subject to adjustment." *See* Pellitteri Decl. Ex. A, Form 06 ML0217 00 10 16 at 1; Pellitteri Decl. Ex. A, Form 06 AGL0123 00 02 13 at 2. This advance premium was based on information that Defendant had submitted to Plaintiff regarding its estimated exposure during the policy period. Compl. ¶ 9; Pellitteri Decl. ¶ 8. The Arch Policy provides that the advance premium is a "minimum and deposit premium," which is subject to adjustment upon an audit that may result in additional premium due to Arch. *See* Pellitteri Decl., Ex. A, Form

00 ML0219 00 02 13 at 1 ("The premium designated in this policy as 'advance premium' is a minimum and deposit premium, which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period . . ., the earned premium including any premium adjustments made by endorsement to this policy during the policy period shall be computed for such period and upon notice thereof to the Name Insured, shall become due and payable."); Pellitteri Decl. Ex. A, Form CG 00 01 12 07 at 12 ("Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured."); *see also* Compl. ¶ 10; Pellitteri Decl. ¶ 9.

Plaintiff provided coverage to All Island, thereby fulfilling its contractual obligations under the Arch Policy. Compl. ¶ 8; Pellitteri Decl. ¶ 7. On or about March 27, 2018, Arch conducted an audit of Defendant, which revealed that All Island owed additional premium in the amount of $114,090.00 (the "Additional Premium"). Compl. ¶ 11; Pellitteri Decl. ¶ 12; Pellitteri Decl. Ex. B (audit report and audit endorsements for Arch Policy reflecting Additional Premium). Plaintiff sent Defendant an invoice, dated April 24, 2018, stating that payment of $114,090.00 was due by June 22, 2018. Pellitteri Decl. Ex. C; Compl. ¶ 13; Pellitteri Decl. ¶ 13. To date, All Island has failed to pay the Additional Premium. Compl. ¶ 12; Pellitteri Decl. ¶ 14.

By way of Complaint filed on April 24, 2019, Arch commenced this action against Defendant, asserting claims for breach of contract, unjust enrichment and

account stated, seeking $114,090.00 for the Additional Premium, New York State taxes and fees based on the amount of the Additional Premium owed, litigation costs, and pre- and post-judgment interest. *See* Compl. Wherefore Clause. Plaintiff effectuated service of the Summons and Complaint upon All Island, in accordance with Section 306 of New York's Business Corporation Law, on May 3, 2019. *See* DE [5]; Declaration of J. Gregory Lahr, Esq. in Support of Plaintiff's Motion for Default Judgment Against Defendant All Island Building & Restoration Inc. ("Lahr. Decl."), DE [10], ¶ 9. Defendant failed to timely answer, move or otherwise respond to the Complaint. Accordingly, at Arch's request, the Clerk of the Court entered default against All Island on June 5, 2019. *See* DE [7].

On December 18, 2019, Plaintiff filed the instant motion, which Judge Seybert referred to this Court for a Report and Recommendation on April 2, 2020. *See* Electronic Order dated April 2, 2020.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373

F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court[,]" and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation marks and citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted).

## III. DISCUSSION

### A. <u>Choice of Law</u>

As an initial matter, the Court must determine what law should be applied to Arch's claims. In a diversity action, the Court applies the choice of law rules of the forum state. *See Giannotti v. Am. Legend Aircraft Co.*, No.15-cv-4769, 2016 WL 5376253, at *3, n.1 (E.D.N.Y. July 26, 2016) (citing *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871 (2d Cir. 1994)), *report and recommendation adopted*, 2016 WL 5374101 (E.D.N.Y. Sept. 26, 2016). New York law provides that "where liability insurance contracts are concerned, the applicable law is generally the local law of the state which the parties understood was to be the principal location of the insured risk." *Lapolla Indus., Inc. v. Aspen Specialty Ins. Co.*, 566 F. App'x 95, 97 (2d Cir. 2014) (internal quotation marks and citation omitted). Here, All Island is a New York corporation with its principal place of business in New York. Because New York is the "principal location of the insured risk," New York law governs. *Id.*[1]

### B. <u>Liability</u>

Plaintiff seeks default judgment on its first cause of action for breach of contract and its third cause of action for account stated.[2] *See* Plaintiff Arch Specialty

---

[1] Plaintiff's reliance on New York law and Defendant's default further support application of New York law. *See Giannotti*, 2016 WL 5376253, at *3, n.1 (applying New York law where plaintiff relied on New York law and defendant defaulted).

[2] Plaintiff does not seek default judgment on its second cause of action for unjust enrichment. Moreover, New York law does not permit recovery under unjust enrichment where such a claim is duplicative of a breach of contract claim and the court has determined that there is a valid, enforceable contract that governs the same subject matter. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) ("The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement.") (internal quotation marks and citation omitted).

6

Insurance Company's Memorandum of Law in Support of its Motion for a Default Judgment Against Defendant All Island Building & Restoration Inc. ("Pl. Memo"), DE [12], 7-9.  Here, Arch's allegations, together with the uncontested facts before the Court, establish liability for breach of obligations contained in the Arch Policy as a matter of law.

      *i.   Breach of Contract*

Plaintiff adequately pleads a claim for breach of contract.  The elements of breach of contract in New York are:  "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Martino v. MarineMax Ne., LLC*, No. 17-cv-4708, 2018 WL 6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

As set forth above, Plaintiff has alleged that the parties entered into a written agreement—the Arch Policy—under which Arch agreed to provide insurance coverage to All Island, in return for Defendant's payment of policy premiums.  Compl. ¶¶ 6-7; Pellitteri Decl. ¶¶ 5-6; Pellitteri Decl. Ex. A.  Plaintiff performed under the Arch Policy by providing coverage to All Island.  Compl. ¶ 8; Pellitteri Decl. ¶ 7.  All Island, however, failed to pay Arch the Additional Premium due under the Arch Policy.  Compl. ¶ 12; Pellitteri Decl. ¶ 14.  As a result, Plaintiff suffered damages in the amount of $114,090.00.  Compl. ¶ 11; Pellitteri Decl. ¶ 12; Pellitteri Decl. Ex. B.  Accordingly, the Court recommends that Defendant be found liable for breaching the Arch Policy.

*ii.   Account Stated*

Arch's claim for account stated[3] fails because it is duplicative of its claim for breach of contract. "Two claims are duplicative of one another if they arise from the same facts . . . and do not allege distinct damages." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (internal quotation marks and citation omitted). Plaintiff's account stated claim arises from the same facts as its breach of contract claim—namely, All Building's failure to pay the amount due under the Arch Policy. Further, Arch does not seek distinct damages under these two causes of action. Accordingly, the Court respectfully recommends denying without prejudice Plaintiff's motion with respect to its account stated claim. *See Arch Specialty Ins. Co. v. Sealmax Glass Sys., Inc.*, No. 16-cv-1409, 2017 WL 11505249, at *4 (E.D.N.Y. Feb. 15, 2017) (recommending denial of default judgment motion with respect to account stated claim where such claim arose out of same facts and sought same damages as breach of contract claim); *Fort Prods., Inc v. Men's Med. Clinic, LLC*, No. 15-cv-00376, 2016 WL 797577, at *4 (S.D.N.Y. Feb. 23, 2016) (dismissing account stated claim where facts alleged and damages sought were identical to those in breach of contract claim); *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13-cv-5418, 2015 WL

---

[3] Under New York law, an account stated is an agreement based upon prior transactions between parties "with respect to the correctness of the account items and balance due." *H.Daya Int'l Co., Ltd. v. Arazi*, 348 F. Supp. 3d 304, 311 (S.D.N.Y. 2018) (internal quotations marks and citation omitted). To plead a claim for account stated, a plaintiff must allege that: "(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated." *INTL FCStone Markets, LLC v. Intercambio Mexicano de Comercio S.A. de C.V.*, No. 18-cv-1004, 2020 WL 1529369, at *2 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted). The second and third requirements may be implied if the party receiving the statement of account "keeps it without objecting to it within a reasonable time[.]" *Id.* (internal quotation marks and citation omitted).

9460565, at *6 (S.D.N.Y. Dec. 23, 2015) ("[I]f a plaintiff can prove an enforceable contract and the plaintiff's account stated claim seeks the same relief as its breach of contract claim, the account stated claim may be dismissed as duplicative.") (citations omitted).

### C. Damages

Having established Defendant's liability and that a default judgment is appropriate, the Court next determines whether to award damages and in what amount. Plaintiff seeks the total amount due under the Arch Policy, litigation costs and pre- and post- judgment interest.

The court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted). Damages for breach of contract are measured as the amount necessary to put the Plaintiff "in the same economic position he would have been in had the Defendant fulfilled his contract." *LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 307

F. Supp. 3d 84, 100 (E.D.N.Y. 2018) (quoting *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995)).

      i.   *Total Amount Due Under the Arch Policy*

Initially, Plaintiff seeks the total amount due under the Arch Policy. According to Arch, the total amount due includes $114,090.00 for the Additional Premium and $4,301.20 in New York Surplus Lines Tax and New York State Stamping Fee ("Taxes and Fees"). *See* Pellitteri Decl. ¶¶ 12, 15-16; Pl. Memo, 10. In support of its request, Plaintiff has submitted an invoice dated April 24, 2018, reflecting $114,090.00 owed for the Additional Premium. Pellitteri Decl. Ex. C. The invoice does not, however, indicate an amount owed for Taxes and Fees. Nor does the Arch Policy provide that Defendant is required to pay Taxes and Fees. Therefore, Arch's evidence establishes that if All Island had fulfilled the Arch Policy, Plaintiff would have received $114,090.00 for the Additional Premium. Accordingly, the Court respectfully recommends that Arch be awarded $114,090.00 for the Additional Premium and that its request for $4,301.20 in Taxes and Fees be denied.

      ii.   *Litigation Costs*

Next, Plaintiff seeks $535.00 in litigation costs, which includes a $135.00 process service fee and a $400.00 filing fee. *See* Lahr Decl. ¶ 16; Pl. Memo, 10. A prevailing party may recover "reasonable costs." *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-cv-501, 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016); *see also* Fed. R. Civ. P. 54(d)(1). In support of its request, Arch has submitted its attorney's declaration of the costs incurred, as well as an invoice for the $135.00

10

process service fee. Lahr Decl. ¶ 16; Lahr Decl. Ex. D. Further, the $400.00 filing fee is reflected on the docket. *See* DE [1]. Accordingly, the Court respectfully recommends awarding Arch $535.00 in litigation costs.

    *iii.*    *Pre-Judgment Interest*

Arch further seeks pre-judgment interest on the default judgment. *See* Pl. Memo, 10-11. The Court applies New York law to determine whether to award pre-judgment interest. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) ("Under New York choice of law principles, the allowance of prejudgment interest is controlled by the law of the state whose law determined liability on the main claim.") (internal quotation marks, citation and alterations omitted). Under New York law, "[i]nterest is generally mandatory" upon a sum awarded for breach of contract at a rate of nine percent. *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (citing N.Y. C.P.L.R. §§ 5001 (a) and 5004). Interest is computed "from the earliest ascertainable date the cause of action existed[.]" N.Y. C.P.L.R. § 5001(b). A breach of contract cause of action "accrues at the time of the breach[.]" *Gillespie v. St. Regis Residence Club*, 343 F. Supp. 3d 332, 347 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

Here, in light of Defendant's breach of contract, Plaintiff is entitled to pre-judgment interest at a rate of nine percent, accruing on June 22, 2018, which is when All Island's payment was due and thus when Defendant breached. *See* Pellitteri Decl. ¶ 16; Pellitteri Decl. Ex. C. Applying the statutory rate of nine percent annual interest rate to the amount due on the Arch Policy of $114,090.00, interest accrues at

11

a rate of $28.13 per day. As of the date of this Report and Recommendation, interest has accrued for 680 days from June 22, 2018. The Court therefore recommends that Arch be awarded $19,129.61 to recover pre-judgment interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $28.13 per day in interest until the date on which judgment is entered. *See, e.g.*, *Amusement Indus., Inc. v. Stern*, No. 07-cv-11586, 2016 WL 7009194, at *3 (S.D.N.Y. Nov. 30, 2016), *report and recommendation adopted*, 2017 WL 57851 (S.D.N.Y. Jan. 4, 2017), *aff'd*, 721 F. App'x 9 (2d Cir. 2018) (awarding statutory pre-judgment interest until date of judgment).

    *iv.*    *Post-Judgment Interest*

Finally, Arch seeks post-judgment interest at the nine percent rate set forth in Section 5004 of the New York Civil Practice Law and Rules ("C.P.L.R."). Lahr Decl. ¶ 17. However, diversity cases, such as this, are subject to the federal post-judgment interest rate set forth in 28 U.S.C. § 1961. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) (citation omitted) (rejecting plaintiff's argument that New York's nine percent interest rate applies to diversity cases applying New York law and upholding district court's application of post-judgment interest calculated at the federal rate); *see also Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v. One Ten Restoration, Inc.*, No. 12-cv-3576, 2018 WL 6590618, at *3 (E.D.N.Y. Dec. 13, 2018) ("While pre-judgment interest is calculated according to state law in diversity actions, federal law governs post-judgment interest.") (citations omitted).

Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted, *id.* (citation omitted), and thus, the Court recommends awarding post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until Defendant has satisfied the judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment against All Island be granted in part and denied in part. Specifically, the Court recommends granting Arch's motion based on Defendant's breach of contract and awarding Plaintiff: (i) $114,090.00 in damages; (ii) $535.00 in litigation fees; (iii) $19,129.61 in pre-judgment interest plus *per diem* interest of $28.13 until judgment is entered; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Court further recommends that Arch's motion be denied based on account stated.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Arch is directed to serve a copy of it on Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within

13

fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
            May 2, 2020

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge