```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARCH SPECIALTY INSURANCE COMPANY,

                    Plaintiff,
                                              ADOPTION ORDER
          -against-                           19-CV-2396(JS)(SIL)

ALL ISLAND BUILDING & RESTORATION INC.,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      David Charles Sienko, Esq.
                    J. Gregory Lahr, Esq.
                    Marc Ethan Haas, Esq.
                    Robinson & Cole LLP
                    666 Third Avenue, 20th Floor
                    New York, New York 11937

For Defendant:      No appearance.
```

SEYBERT, District Judge:

Plaintiff Arch Specialty Insurance Company ("Plaintiff") commenced this diversity action on April 24, 2019 against defendant All Island Building & Restoration Inc ("Defendant") asserting claims for breach of contract, unjust enrichment, and account stated. (Compl., D.E. 1.) On December 18, 2019, Plaintiff filed a motion for a default judgment with respect to its claims for breach of contract and account stated. (Mot., D.E. 9.) On April 4, 2020, the Court referred the motion to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R"). (Apr. 4, 2020 Elec. Order.) On May 2, 2020, Judge Locke issued his R&R recommending that the Court grant, in part, and deny, in part

Plaintiff's motion. (R&R, D.E. 15.) Specifically, Judge Locke recommended that the Court grant the motion with respect to Plaintiff's breach of contract claim and award Plaintiff: (i) $114,090.00 in damages; (ii) $535.00 in litigation fees; (iii) $19,129.61 in pre-judgment interest plus per diem interest of $28.13 until judgment is entered; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961(a). (R&R at 7, 9-13.) Judge Locke further recommended that the Court deny, without prejudice, the motion as it relates to the account stated claim. (R&R at 8-9.) On May 5, 2020, Plaintiff served Defendant with a copy of the R&R to an address at 12 Blydenburg Avenue, Smithtown, New York 11787 (the "Smithtown Address"). (Aff. Serv., D.E. 16.)

On or around May 12, 2020, Defendant, through Charles Risten,[1] submitted a letter asking the Court to "set aside this motion until [Defendant] contact[s] our attorneys, and set[s] up proper representation to counter and disprove these accusations." (Def.'s Ltr., D.E. 17.) On May 26, 2020, the Court issued an Electronic Order (1) construing Defendant's letter as a request for an extension of time to retain counsel and to file objections to the R&R and (2) directing Defendant to "submit objections to the R&R or, in the alternative, a letter advising the Court on the

---

[1] The letterhead provides the Defendant's name and the Smithtown Address but does not explain the relationship between Charles Risten and Defendant.

2

status of his objections" on or before July 10, 2020. (May 26, 2020 Elec. Order.) On May 27, 2020, Plaintiff served Defendant with a copy of the May 26, 2020 Electronic Order at the Smithtown Address. (Aff. Serv., D.E. 18.) Defendant failed to file objections and did not otherwise communicate with the Court by July 10, 2020. Accordingly, on July 15, 2020, given Defendant's pro se status, the Court granted Defendant a final opportunity to comply with the May 26, 2020 Electronic Order and directed Defendant to submit objections to the R&R on or before August 14, 2020. (July 15, 2020 Elec. Order.) The Court stated that "no further extensions will be granted" and warned Defendant that "the Court will review and decide whether to adopt, reject, or modify the R&R without objections if it fails to comply with this Electronic Order." (July 15, 2020 Elec. Order.) On July 17, 2020, Plaintiff served Defendant with a copy of the July 15, 2020 Electronic Order at the Smithtown Address. (Aff. Serv., D.E. 19.) As of the date of this Order, Defendant has not filed objections nor has it otherwise communicated with the Court.

The time to object has expired and no objections to the R&R have been filed. Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned, and free of clear error, and the Court ADOPTS the R&R (D.E. 15) in its entirety. Accordingly, Plaintiff's motion (D.E. 9) for entry of a default judgment is DENIED, without prejudice, as to

Plaintiff's claim for account stated but GRANTED as to Plaintiff's claim for breach of contract. Plaintiff is awarded: (i) $114,090.00 in damages; (ii) $535.00 in litigation fees; (iii) $19,129.61 in pre-judgment interest plus per diem interest of $28.13 until judgment is entered; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Clerk of the Court is directed to enter judgment accordingly. On or before September 1, 2020, Plaintiff is directed to (1) indicate, in writing, whether it intends to pursue its claims for unjust enrichment and account stated and (2) serve Defendant with a copy of this Electronic Order at the Smithtown Address and file proof of service to ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  18 , 2020
       Central Islip, New York